DILIA BARLETTA, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, SAN JUAN PART, WILFRIDO ROBERTS, JUDGE, Respondent; MOISÉS ARCELAY, Intervener.

No. O-71-227. Decided May 11, 1972.

*Héctor M. Laffitte* for petitioner. *Ramos & Riera* for intervener.

PER CURIAM: A real property consisting of a 165.96 square meters lot in Mayagüez was attached in execution of a judgment obtained by petitioner against two individuals and two corporations. Moisés Arcelay filed a third-party claim in which he alleged that he was the owner of the said property. After a hearing was held, judgment was rendered on July 22, 1971, in favor of Arcelay. On July 28, 1971, a notice was served by mail to petitioner to the effect that said judgment had been entered in the record ". . . where you can become acquainted in detail with the terms of same" and that on that date copy of that notice had been filed in the record. Copy of the said judgment was not included with this notice. On August 9, 1971, petitioner requested the court's clerk to send to her copy of the aforementioned judgment at earliest possible date ". . . inasmuch as the term for review . . . expires on August 27, [1971]." Her motion for reconsideration filed on that last date was denied outright because it had been untimely filed after the jurisdictional 15-day term prescribed by Rule 47 of the Rules of Civil Procedure.

In support of this appeal petitioner alleges that:

■ 1.—According to *Pérez Rodríguez* v. *Superior Court*, 99 P.R.R. 948 (1971), and *El Mundo, Inc.* v. *Superior Court*, 92 P.R.R. 772 (1965), the court was not deprived of its power and retains jurisdiction "even though the term fixed by Rule 47 had expired . . . as long as the sentence is not final and firm." We do not agree. The cases cited dealt with the five-day term prescribed in said Rule for the court to deny outright or to set a hearing of a motion for reconsideration filed within the 15-day term prescribed by the Rule in question for filing this motion. On repeated occasions we have said that the said term of 15 days is jurisdictional. *Rodríguez* v. *Rodríguez*, 98 P.R.R. 729 (1970); *Barreto* v. *Sherris Caribbean, Inc.*, 92 P.R.R. 837, 843 (1965); *López Rivera* v.

*Water Resources Authority,* 89 P.R.R. 406, 410 (1963).

2.—The 15-day term started to run from August 23, 1971, when petitioner obtained copy of the judgment, it being since then that she could avail herself of the said 15-day term. In support of this contention petitioner invokes Rule 67.1 of the Rules of Civil Procedure. To those effects she argues that:

"It is not sufficient at law, for obvious reasons, to comply with the requirement to acquaint a party with the judgment of a court by merely serving copy of a notice of a judgment or order. It is indispensable that a copy of the document containing the order, judgment, provision or decision be sent. It is thus provided smoothly and simply by Rule 67.1. Otherwise, the practicing attorneys could hardly practice their profession efficiently if they had to resort to the court to find out about the contents of the judgments or orders in the lawsuits in which they participate. Still worst would be the case of attorneys that practice in different courts of the island."

 Neither Rule No. 47 nor the aforementioned Rule 67.1 provide that a copy of the judgment be included with the notice of same for the purpose of fixing the date on which the 15-day term prescribed by Rule 47 for filing a motion for reconsideration of the judgment starts to run. On the contrary, Rule No. 65.3, which specifically refers to the service of notices of judgments and orders, requires only that notice be served of the entry in the record of the order or judgment, as the case may be. Even more, the same notification form used by the trial court expressly informs to the party being notified that, since it is the party aggrieved by the judgment, it can become aware of the terms of the same in the record kept at the court. The court, therefore, did not abuse its discretion in denying flatly the motion for reconsideration in this case inasmuch as the 15-day term to request said reconsideration had expired on August 12, 1971, since the petitioner was served notice on July 28, 1971, that copy of the notice of judgment in the case had been filed in the record.

■ Nevertheless, we consider it proper to say that it constitutes the best practice that the clerks of the different parts of the court of first instance include with each notice a copy of the judgment, order, decision, or any other action of the court that should be notified to any party pursuant to the Rules of Civil Procedure in force.

By virtue thereof, the order of the trial court of August 27, 1971, will be affirmed.

Mr. Justice Negrón Fernández took no part in the decision of this case.